IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WATSON V. PERRIN, III, AND CASINO AIRPORT SHUTTLE, INC. | PLAINTIFFS |
| VS. | CIVIL ACTION NO: 1:04cv829WJG-JMR |
| GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; THE MUNICIPALITY OF GULFPORT, MISSISSIPPI; THE MUNICIPALITY OF BILOXI, MISSISSIPPI; HOTARD COACHES, INC. D/B/A COASTLINER AIRPORT SHUTTLE; BRUCE FRALLIC, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; DON GREEN, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; W. B. WERBY, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; FRANK GENZER, INDIVIDUALLY AND AS AN GENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; TRAVIS LOTT, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; REPUBLIC PARKING SYSTEM, INC.; AND ERROL HOTARD | DEFENDANTS |
| ERROL HOTARD | COUNTER CLAIMANT |
| VS. | |
| WATSON V. PERRIN, III, AND CASINO AIRPORT SHUTTLE, INC. | COUNTER DEFENDANTS |

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion to dismiss counterclaim [32-1] filed by the Plaintiffs/Counter Defendants, Watson V. Perrin, III, and Casino Airport Shuttle, Inc., pursuant to Federal Rule of Civil Procedure 12(b)(6). After due consideration of the pleadings, evidence

of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

## Statement of Facts

On April 23, 2004, Plaintiffs filed their Complaint in the Circuit Court of Harrison County, Mississippi, which action was then removed to this Court on November 12, 2004. Subsequently, Plaintiffs sought and were granted leave to file an Amended Complaint. The Amended Complaint alleges claims for breach of duty of reasonable care, fraudulent and negligent misrepresentation and violation of Plaintiffs' due process rights. Defendants Errol Hotard and Hotard Coaches, Inc. (referred to collectively as "Hotard"), answered the Amended Complaint and incorporated a counterclaim, alleging that the claims against them were a product of bad faith and without merit. In response, Plaintiffs filed the instant motion to dismiss.

## Standard of Review

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pleaded facts as true and view the facts in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Dismissal is warranted if "it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Piotrowski v. City of Houston*, 51 F.3d 512, 514 (5th Cir. 1995) (quoting, *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). In deciding whether dismissal is warranted, the court will not accept conclusory allegations in the complaint as true. *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

## Discussion

Plaintiffs argue that Hotard has failed to state a claim for malicious prosecution. Particularly, Plaintiffs note that the proceedings have not been terminated, thus Hotard cannot

satisfy the elements of malicious prosecution.  In response, Hotard asserts that it states a claim under the Mississippi Litigation Accountability Act [the Act], Mississippi Code Annotated section 11-55-1, *et seq.*, not for malicious prosecution.

    The Act provides in pertinent part:

> [I]n any civil action commenced . . . in any court of record in this state, the court shall award . . . reasonable attorney's fees and costs against any party or attorney if the court, upon the motion of any party or on its own motion, finds that an attorney or party brought an action, or asserted any claim or defense, that is without substantial justification, or that the action, or any claim or defense asserted, was interposed for delay or harassment.

MISS. CODE ANN. § 11-55-5.  Plaintiffs' Amended Complaint and the claims therein fall within the meaning of "action" as used in the Act.  *See* MISS. CODE ANN. § 11-55-3(c).  An action or claim is "without substantial justification" if the court determines that said action or claim is "frivolous, groundless in fact or in law, or vexatious."  MISS. CODE ANN. § 11-55-3(a).

    Hotard's counterclaim alleges that the claims in the Amended Complaint derive from "a bad faith intent on the part of the Plaintiffs to exact a settlement from Hotard" and "that by the very nature of the allegations . . ., any claims against [Hotard] are completely lacking in merit."  If Hotard can prove these allegations, then a claim based on such intent and completely lacking merit could be held to be without substantial justification.  At this juncture and given the arguments presented, the Court cannot find that it appears certain that Hotard cannot prove any set of facts in support of his claim that would entitle him to relief.  It is therefore,

    ORDERED that Plaintiffs' Motion to Dismiss [32-1] be, and is hereby, denied.

    SO ORDERED this the 15th day of March, 2006.

 

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE