IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WATSON V. PERRIN, III, AND CASINO AIRPORT SHUTTLE, INC. | PLAINTIFFS |
| VS. | CIVIL ACTION NO: 1:04cv829WJG-JMR |
| GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; THE MUNICIPALITY OF GULFPORT, MISSISSIPPI; THE MUNICIPALITY OF BILOXI, MISSISSIPPI; HOTARD COACHES, INC. D/B/A COASTLINER AIRPORT SHUTTLE; BRUCE FRALLIC, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; DON GREEN, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; W. B. WERBY, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; FRANK GENZER, INDIVIDUALLY AND AS AN GENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; TRAVIS LOTT, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; REPUBLIC PARKING SYSTEM, INC.; AND ERROL HOTARD | DEFENDANTS |
| ERROL HOTARD | COUNTER CLAIMANT |
| VS. | |
| WATSON V. PERRIN, III, AND CASINO AIRPORT SHUTTLE, INC. | COUNTER DEFENDANTS |

MEMORANDUM OPINION

This cause is before the Court on the motion to dismiss [45-1] or alternatively, for partial summary judgment filed by the Defendants, Gulfport-Biloxi Regional Airport Authority [the

Airport] and Bruce Frallic, pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) or 56, respectively. The instant motion was joined by Co-Defendants Hotard Coaches, Inc., and Errol Hotard [referred to collectively as Hotard]. (Ct. R., Doc. 49.) After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

Statement of Facts

On April 23, 2004, the Plaintiffs, Watson V. Perrin, III, and Casino Airport Shuttle, Inc. [Airport Shuttle], filed their Complaint in the Circuit Court of Harrison County, Mississippi, which action was then removed to this Court on November 12, 2004. Subsequently, Plaintiffs sought and were granted leave to file an Amended Complaint. (Ct. R., March 8, 2005.) The Amended Complaint alleges claims for breach of duty of reasonable care, fraudulent and negligent misrepresentation and violation of Plaintiffs' due process rights, seeking damages for lost income and value of business and declaratory and injunctive relief. Factually, the Amended Complaint asserts that Defendants, either individually or in combination, acted unlawfully to restrict Airport Shuttle's passenger services on routes from the Airport to Keesler Air Force Base and from the Airport to the Beau Rivage Casino based on misrepresentations that Hotard had exclusive rights to transport passengers between the aforementioned properties.

Plaintiffs note that Defendants unlawful conduct occurred in November 2001, and continued until August 2003. Perrin alleges claims individually, and Airport Shuttle, of which Perrin is the majority shareholder, brings suit in its own right. The Amended Complaint states that Airport Shuttle was created on May 3, 2002. Notably, Magnolia Cab Company, Inc. [Magnolia Cab"], the alleged predecessor of Airport Shuttle, has not joined in this suit and does not appear in the Amended Complaint. In the present motion, Defendants assert that Perrin does not have standing before this Court.

Standard of Review

Standing is a jurisdictional question that must be resolved as a preliminary matter. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Standing exists as a limitation on the authority of the federal courts to exercise jurisdiction. *Allen v. Wright*, 468 U.S. 737, 750-51 (1984). A challenge to standing is dealt with by motion under Rule 12(b)(1) or on the court's own motion. *Xerox*, 888 F.2d at 350. "The burden of establishing standing falls upon the plaintiff and the necessary requirements of standing must be specifically demonstrated in the complaint." *Illinois Cent. R.R. Co. v. Fordice*, 30 F. Supp. 2d 945, 950 (S.D. Miss. 1997).

When a motion to dismiss pursuant to Rule 12(b)(1) is based on the lack of jurisdiction on the face of the complaint, the court must consider the allegations in the plaintiff's complaint as true, as it would on a motion pursuant to Rule 12(b)(6). *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). If the court considers matters outside the pleadings, however, motions under Rule 12(b)(1) and Rule 12(b)(6) are treated quite differently. *Id.* "Unlike a motion to dismiss under Rule 12(b)(6) for failure to state a claim, matters outside the pleading do not convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment." *Ronsonet v. Carroll*, 113 F. Supp. 2d 1009, 1017 (S.D. Miss. 2000).

As the Fifth Circuit reasoned in *Williamson*:

> Because at issue in a factual [Rule] 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. The distinction between factual Rule 12(b)(1) motions and factual Rule 12(b)(6) motions is rooted in the unique nature of the jurisdictional question. It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached. Jurisdictional issues are for the court-not a jury-to decide, whether they hinge on legal or factual determinations. The unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore, not disputed. **This means that the district court is not**

> **limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction.**

645 F.2d at 412-13 (internal quotations and citations omitted) (emphasis added). The *Williamson* Court went on to hold that:

> The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Id.* at 413. "In the special case where the challenged basis of jurisdiction is also an element of plaintiff's federal cause of action, the proper course of action is to limit the jurisdictional inquiry to facial scrutiny, and reserve the factual scrutiny for the merits of the cause of action." *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983).

## Discussion

Both on the motion of Defendants and *sua sponte*, the Court will determine whether Perrin possesses standing to pursue his claims. In turn, the Court will address both non-derivative and derivative standing as they relate to Perrin.

I.  Non-Derivative Standing

Defendants assert that Perrin lacks standing to pursue a non-derivative, i.e. individual, action. "State law determines whether a shareholder may maintain a nonderivative action." *Crocker v. Federal Deposit Ins. Corp.*, 826 F.2d 347, 349 (5th Cir. 1987). Therefore, the Court looks to state law to determine whether Perrin has standing to pursue an individual action. In *Bruno v. Southeastern Servs., Inc.*, the Mississippi Supreme Court proclaimed as follows:

> We adopt the rule in Mississippi that an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely

>derivative. The rule applies even though the complaining stockholder owns all or substantially all of the stock of the corporation.

*Bruno*, 385 So. 2d 620, 622 (Miss. 1980). "Under a well-recognized exception, however, a shareholder is permitted to sue and is considered a real party in interest where he is able to show a violation of a duty owed directly to him." *Howell Steel Co., Inc. v. Trustmark Nat'l Bank*, 666 F. Supp. 930, 931 (S.D. Miss. 1987) (Lee, J.). *See Vickers v. First Mississippi Nat'l Bank*, 458 So. 2d 1055, 1061 (Miss. 1984); *Bruno*, 385 So. 2d at 622.

"[I]n determining whether a claim may be asserted by a shareholder, the court is required to closely examine the alleged injuries sought to be redressed." *Howell Steel*, 666 F. Supp. at 931-32. *See Pennsylvania House Div. of General Mills, Inc. v. McCuen,* 621 F.Supp. 1155, 1155-56 (S.D. Miss.1985) (Lee, J.). Consequently, the Court examines whether Perrin has suffered an individual injury that is distinct from the alleged injury to the corporation, Airport Shuttle. *See Holloway v. Dane*, 316 B.R. 876, 880 (S.D. Miss. 2004) (Lee, J.).

A facial examination of the Amended Complaint reveals that Plaintiffs allege damages of lost income and value of business in amounts of $208,000 and $59,000, respectively.[1] Clearly, lost income and diminution in the value of the business are damages that belong solely to Casino Airport, even though Perrin may acutely feel the effects of any loss. Additionally, Perrin does not successfully identify any legal duty, common or contractual, owed by the Defendants to him individually and distinct from Airport Shuttle. All of the claims alleged by Perrin derive from business relations that necessarily stem from the operations of Airport Shuttle. Additionally, the permit to conduct shuttle services on Airport property was issued to Airport Shuttle as a distinct

---

[1] The Amended Complaint also seeks declaratory and injunctive relief, but it fails to specify what rights should be declared or what acts should be enjoined. Regardless, such claims belong Airport Shuttle as discussed herein.

corporate entity, notwithstanding Perrin's status as owner/president of the corporation. (Ct. R., Doc. 45, Exh. A.)

Equally, Perrin does not articulate in the Amended Complaint a distinct claim for violation of his due process rights pursuant to 42 U.S.C. § 1983. A corporation may sue under section 1983 on its own behalf. *Enlow v. Tishomingo County, Miss.*, Civ. A. No. EC 89-61-D-D, 1990 WL 366913, at *8 (N.D. Miss. Nov. 27, 1990). Any due process owed in determining shuttle services necessarily belonged to Airport Shuttle, which performed the services and held the permit with the Airport. Whether viewed under the doctrine enunciated in *Bruno* or Article III's case-or-controversy requirement, Perrin fails to allege a distinct and personalized injury to himself. *See Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 38-39 (1976); *Lewis*, 699 F.2d at 236-37.

Additionally, the Court notes that Perrin presents a vague argument that he is the real party in interest with capacity to sue on behalf of Magnolia Cab, a presently dissolved corporation that held a permit to operate shuttle services on Airport property from January 3, 2001, until Airport Shuttle allegedly succeeded Magnolia Cab in May 2002. (Ct. R., Doc. 57, Exh. N.) First, Magnolia Cab is not a party to the instant suit. Second, Perrin attests that Airport Shuttle succeeded to all interests of Magnolia Cab, including legal causes of action. (*Id.*) Third, Perrin faces the same non-derivative standing issues with Magnolia Cab that he does with Airport Shuttle. Consequently, the Court finds that Perrin does not possess non-derivative standing to pursue any individual claims.

II.     Derivative Standing

Federal Rule of Civil Procedure 23.1 addresses the requirements for a shareholder to have standing to bring a derivative action on behalf of a corporation. Rule 23.1 provides in pertinent part:

> In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, **the corporation or association having failed to enforce a right which may properly be asserted by it**, the complaint shall be verified and shall allege (1) that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law, and (2) that the action is not a collusive one to confer jurisdiction on a court of the United States which it would not otherwise have. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

FED. R. CIV. P. 23.1 (emphasis added).  Clearly, Perrin does not satisfy the requirement that Airport Shuttle fail to enforce a right which may properly be asserted by it, as Airport Shuttle initiated the present action.  Additionally, Perrin offers no allegations or evidence to show what effort, if any, he took to have Airport Shuttle (or Magnolia Cab) enforce its rights.

Moreover, Perrin does not address Mississippi Code Annotated section 79-4-7.42, which provides that:

> No shareholder may commence a derivative proceeding until:
>
> (1) A written demand has been made upon the corporation to take suitable action; and
>
> (2) Ninety (90) days have expired from the date the demand was made unless the shareholder has earlier been notified that the demand has been rejected by the corporation or unless irreparable injury to the corporation would result by waiting for the expiration of the ninety-day period.

MISS. CODE. ANN. § 79-4-7.42.  Perrin does not allege or provide evidence that he complied with the demand requirements of Section 79-4-7.42.  Consequently, the Court finds that Perrin does not possess derivative standing to pursue claims on behalf of Airport Shuttle or Magnolia Cab.

## Conclusion

For the reasons stated herein, this Court finds that Defendants' motion to dismiss [45-1] should be granted.  A separate judgment in conformity with and incorporating by reference the

above Memorandum Opinion shall issue this date.  Each party shall bear their respective costs associated with this motion.

THIS the 15th day of March, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE