IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WATSON V. PERRIN, III, AND | |
| CASINO AIRPORT SHUTTLE, INC. | PLAINTIFFS |
| | |
| VS. | CIVIL ACTION NO: 1:04cv829WJG-JMR |
| | |
| GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; THE MUNICIPALITY OF GULFPORT, MISSISSIPPI; THE MUNICIPALITY OF BILOXI, MISSISSIPPI; HOTARD COACHES, INC. D/B/A COASTLINER AIRPORT SHUTTLE; BRUCE FRALLIC, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; DON GREEN, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; W. B. WERBY, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; FRANK GENZER, INDIVIDUALLY AND AS AN GENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; TRAVIS LOTT, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; REPUBLIC PARKING SYSTEM, INC.; AND ERROL HOTARD | DEFENDANTS |
| | |
| ERROL HOTARD | COUNTER CLAIMANT |
| | |
| VS. | |
| | |
| WATSON V. PERRIN, III, AND | |
| CASINO AIRPORT SHUTTLE, INC. | COUNTER DEFENDANTS |

<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the Court on the motion for partial summary judgment [47-1] filed by

the Defendants, Gulfport-Biloxi Regional Airport Authority [the Airport] and Bruce Frallic,

pursuant to Federal Rule of Civil Procedure 56.  The instant motion was joined by Co-Defendants Hotard Coaches, Inc., and Errol Hotard [referred to collectively as Hotard].  After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

Statement of Facts

On April 23, 2004, the Plaintiffs, Watson V. Perrin, III, and Casino Airport Shuttle, Inc. [Airport Shuttle], filed their Complaint in the Circuit Court of Harrison County, Mississippi, which action was then removed to this Court on November 12, 2004.  Subsequently, Plaintiffs sought and were granted leave to file an Amended Complaint.  (Ct. R., March 8, 2005.)  The Amended Complaint alleges claims for breach of duty of reasonable care, fraudulent and negligent misrepresentation and violation of Plaintiffs' due process rights, seeking damages for lost income and value of business and declaratory and injunctive relief.  Factually, the Amended Complaint asserts that Defendants, either individually or in combination, acted unlawfully to restrict Airport Shuttles passenger services on routes from the Airport to Keesler Air Force Base and from the Airport to the Beau Rivage Casino based on misrepresentations that Hotard had exclusive rights to transport passengers between the aforementioned properties.

Plaintiffs note that Defendants unlawful conduct occurred in November 2001, and continued until August 2003.  Perrin alleges claims individually, and Airport Shuttle, of which Perrin is the majority shareholder, brings suit in its own right.  The Amended Complaint states that Airport Shuttle was created on May 3, 2002.  Notably, Magnolia Cab Company, Inc. [Magnolia Cab], the alleged predecessor of Airport Shuttle, has not joined in this suit and does not appear in the Amended Complaint.  In the present motion, Defendants assert that Perrin and

Airport Shuttle do not have standing to pursue claims for damages between November 2001 and June 2002 because neither had a valid permit to conduct business on Airport property.

## Standard of Review

Standing is a jurisdictional question that must be resolved as a preliminary matter. *Xerox Corp. v. Genmoora Corp.*, 888 F.2d 345, 350 (5th Cir. 1989). Standing exists as a limitation on the authority of the federal courts to exercise jurisdiction. *Allen v. Wright*, 468 U.S. 737, 750-51 (1984). A challenge to standing is dealt with by motion under Rule 12(b)(1) or on the court's own motion. *Xerox*, 888 F.2d at 350. "The burden of establishing standing falls upon the plaintiff and the necessary requirements of standing must be specifically demonstrated in the complaint." *Illinois Cent. R.R. Co. v. Fordice*, 30 F. Supp. 2d 945, 950 (S.D. Miss. 1997).

When a motion to dismiss pursuant to Rule 12(b)(1) is based on the lack of jurisdiction on the face of the complaint, the court must consider the allegations in the plaintiff's complaint as true, as it would on a motion pursuant to Rule 12(b)(6). *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981). If the court considers matters outside the pleadings, however, motions under Rule 12(b)(1) and Rule 12(b)(6) are treated quite differently. *Id.* "Unlike a motion to dismiss under Rule 12(b)(6) for failure to state a claim, matters outside the pleading do not convert a motion to dismiss for lack of subject matter jurisdiction into a motion for summary judgment." *Ronsonet v. Carroll*, 113 F. Supp. 2d 1009, 1017 (S.D. Miss. 2000).

As the Fifth Circuit reasoned in *Williamson*:

> Because at issue in a factual [Rule] 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case – there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial

>court from evaluating for itself the merits of jurisdictional claims.  The distinction between factual Rule 12(b)(1) motions and factual Rule 12(b)(6) motions is rooted in the unique nature of the jurisdictional question.  It is elementary that a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached.  Jurisdictional issues are for the court – not a jury – to decide, whether they hinge on legal or factual determinations.  The unique power of district courts to make factual findings which are decisive of jurisdiction is, therefore, not disputed.  **This means that the district court is not limited to an inquiry into undisputed facts. It may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction.**

645 F.2d at 412-13 (internal quotations and citations omitted) (emphasis added).  The *Williamson* Court went on to hold that:

>The district court consequently has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases:  (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Id.* at 413.  "In the special case where the challenged basis of jurisdiction is also an element of plaintiff's federal cause of action, the proper course of action is to limit the jurisdictional inquiry to facial scrutiny, and reserve the factual scrutiny for the merits of the cause of action."  *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983).  Given this Court's authority to look beyond the Amended Complaint to resolve standing issues, the Court will treat the instant matter pursuant to Rule 12(b)(1), rather than pursuant to Rule 56.

## Discussion

Defendants assert that Perrin and Airport Shuttle do not have standing to pursue claims for damages between November 2001 and June 2002 because neither had a valid permit to conduct business on Airport property.  In a prior Memorandum Opinion and Judgment, this Court determined that Perrin does not have standing to pursue either a direct or derivative action

in the present suit, and therefore, the Court refers the parties to its prior decision regarding Perrin's standing. The Court now turns its attention to standing issues associated with Airport Shuttle.

Notably, the Amended Complaint makes no reference to Magnolia Cab, and no such entity is named in the present suit. The Defendants correctly note that Magnolia Cab is a separate corporation from Airport Shuttle; that Magnolia Cab was issued a permit to conduct business on Airport property on January 3, 2001; that Airport Shuttle was not issued a permit to conduct business on Airport property until June 2002; that Magnolia Cab was administratively dissolved on two occasions and not reinstated after the last dissolution; and that no documents indicate that Magnolia Cab merged with or was succeeded by Airport Shuttle. (Ct. R., Doc. 47, Exhs. A-E.) Based on these undisputed facts Defendants conclude that Airport Shuttle could not have suffered an injury in fact, and thus, lacks standing to sue for injuries allegedly occurring prior to June 2002.

In response, Perrin submitted an affidavit wherein he attests that he obtained a permit for Magnolia Cab d/b/a Casino Airport Shuttle to conduct business on Airport property in 2001; that in June 2002, Airport Shuttle succeeded to all interests of Magnolia Cab; that Airport Shuttle assumed all liabilities of Magnolia Cab; that Airport Shuttle continued the business of Magnolia Cab; that all property interests of Magnolia Cab became the property of Airport Shuttle, including any right to sue, i.e. legal cause of action; that the management, personnel, assets and operations of Magnolia Cab were continued by Airport Shuttle; and that Perrin was at all relevant times president and direct/indirect owner of both Magnolia Cab and Airport Shuttle. (Ct. R, Doc.

57, Exh. N.) Through the assumption of interests, Perrin asserts that Airport Shuttle has suffered injury and therefore, has standing to sue.

In reply, because the Defendants have evidently placed no weight on or have chosen not to consider the facts alleged in Perrin's affidavit, they merely rely on and point to the lack of documentary evidence relating to the alleged assumption of interests of Magnolia Cab by Airport Shuttle.  Defendants are unable to offer any evidence or legal authority to directly dispute Perrin's affidavit.  It is undisputed that Magnolia Cab conducted transportation services on Airport property under the name Casino Airport Shuttle and that Perrin was president and shareholder of Magnolia Cab.  Equally, Perrin was president and shareholder of Airport Shuttle, which conducted transportation services on Airport property.  A corporate connection, if not succession, is evident between the two corporations.  Based on the present evidence and legal authority, if the Court found a lack of standing on the part of Airport Shuttle to pursue claims for injuries occurring during the disputed period, then the Court would run the risk of exalting "corporate form over substance."  *Copper Liquor, Inc. v. Adolph Coors Co.*, 506 F.2d 934, 950 (5th Cir. 1975).

Given the factual issues, legal argument presented and procedural posture of this case, the Court is not willing, at this juncture, to hold that Airport Shuttle lacks standing to pursue claims for injuries allegedly occurring between November 2001, and June 2002.  The Court notes that discovery is not complete in this matter and that Defendants may have a future opportunity to challenge standing.  For the reasons stated herein, the Court finds that Defendants' motion for partial summary judgment should be denied.  It is therefore,

ORDERED that Defendants' motion for partial summary judgment [47-1] be, and is hereby, denied.

SO ORDERED this the 15th day of March, 2006.


                                                *Walter J. Gex III*
                                     UNITED STATES SENIOR DISTRICT JUDGE