IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WATSON V. PERRIN, III, AND CASINO AIRPORT SHUTTLE, INC. | PLAINTIFFS |
| VS. | CIVIL ACTION NO: 1:04cv829WJG-JMR |
| GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; THE MUNICIPALITY OF GULFPORT, MISSISSIPPI; THE MUNICIPALITY OF BILOXI, MISSISSIPPI; HOTARD COACHES, INC. D/B/A COASTLINER AIRPORT SHUTTLE; BRUCE FRALLIC, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; DON GREEN, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; W. B. WERBY, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; FRANK GENZER, INDIVIDUALLY AND AS AN GENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; TRAVIS LOTT, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; REPUBLIC PARKING SYSTEM, INC.; AND ERROL HOTARD | DEFENDANTS |
| ERROL HOTARD | COUNTER CLAIMANT |
| VS. | |
| WATSON V. PERRIN, III, AND CASINO AIRPORT SHUTTLE, INC. | COUNTER DEFENDANTS |

<u>MEMORANDUM OPINION</u>

This cause is before the Court on the motion for summary judgment [58-1] filed by the

Defendants, Hotard Coaches, Inc., and Errol Hotard [referred to collectively as Hotard], pursuant

to Federal Rules of Civil Procedure 56.  The instant motion was joined by Co-Defendants Gulfport-Biloxi Regional Airport Authority [the Airport] and Bruce Frallic.  (Ct. R., Doc. 65.)  After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds as follows.

## Statement of Facts

On April 23, 2004, the Plaintiffs, Watson V. Perrin, III, and Casino Airport Shuttle, Inc. [Airport Shuttle], filed their Complaint in the Circuit Court of Harrison County, Mississippi, which action was then removed to this Court on November 12, 2004.  Subsequently, Plaintiffs sought and were granted leave to file an Amended Complaint.  (Ct. R., Doc. 47.)  The Amended Complaint alleges claims for breach of duty of reasonable care, fraudulent and negligent misrepresentation and violation of Plaintiffs' due process rights pursuant to 42 U.S.C. § 1983, seeking damages for lost income and value of business and declaratory and injunctive relief.  Factually, the Amended Complaint asserts that Defendants, either individually or in combination, acted unlawfully to restrict Airport Shuttle's passenger services on routes from the Airport to Keesler Air Force Base [Keesler] and from the Airport to the Beau Rivage Casino [Beau Rivage] based on misrepresentations that Hotard had exclusive rights to transport passengers between the aforementioned properties.

## Standard of Review

A grant of summary judgment is appropriate when, viewed in the light most favorable to the nonmoving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).  The

moving party initially carries the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the burden of the moving party is discharged, the burden shifts to the nonmoving party to go beyond the pleadings and by his own affidavits, or by depositions, answers to interrogatories, and admissions on file, present specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e). If the nonmovant fails to discharge his burden, summary judgment is implicated.

## Discussion

Defendants contend that Plaintiffs cannot prove the necessary elements of their state law claims, that these claims are barred by the applicable statute of limitations, that section 1983 does not apply to Hotard, and that Plaintiffs cannot prove a constitutional deprivation. Although the bulk of the briefing has addressed the state law claims and whether section 1983 applies to Hotard as a private entity, the Court, as an initial matter, is most concerned with whether Plaintiffs have identified a constitutional deprivation as required to maintain an action pursuant to section 1983.

The Amended Complaint refers to Mississippi Code Annotated § 61-3-21 and certain municipal and county ordinances allegedly requiring "equal treatment" of Plaintiffs.[1] (Amended Complaint, p. 3.) The Amended Complaint also alleges that Defendants owed Plaintiffs "duties of substantive and procedural due process." (*Id.*) The asserted violations of these duties are that

---

[1] The Court will address Plaintiffs' alleged deprivation of "equal treatment" under Mississippi Code Annotated § 61-3-21 pursuant to a due process analysis. Although Plaintiffs' response to the motion for summary judgment offhandedly mentions equal protection, Plaintiffs have not asserted a cognizable equal protection claim. Namely, Plaintiffs do not allege discrimination based upon their membership in a particular class or that similar situated entities were treated differently. *See Wheeler v. Miller*, 168 F.3d 241, 252-53 (5th Cir. 1999).

Defendants, either individually or in combination, acted unlawfully to restrict Airport Shuttle's passenger services on routes from the Airport to Keesler and from the Airport to Beau Rivage based on misrepresentations that Hotard had exclusive rights to transport passengers between the aforementioned properties, or alternatively, that the Airport and Frallic failed to adequately investigate Hotard's claims and to provide Plaintiffs notice of the proposed route restrictions, the facts pertaining thereto and an opportunity to be heard.  (*Id.* at pp. 3-7.)

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. CONST. amend. XIV, § 1.  As a remedial vehicle for deprivations of federal constitutional rights, section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Whether pursuing Fourteenth Amendment substantive or procedural due process claims pursuant to section 1983, the threshold requirement is a showing that the state deprived the plaintiff of a liberty or property interest.  *Pruett v. Dumas*, 914 F. Supp. 133, 137 (N.D. Miss. 1996).  Therefore, the Court examines whether Plaintiffs have shown a deprivation of a liberty or property interest.

Notably, the Amended Complaint does not specify deprivation of a liberty or property interest occasioned by Defendants.  Additionally, Plaintiffs' response to the motion for summary judgment does not offer any substantive discussion of a constitutional deprivation.  Plaintiffs

offer only the conclusion that Defendants "depriv[ed] them of a property interest in their Airport permits without having a rational basis."  (Ct. R., Doc. 68, p. 10.)

The Amended Complaint, however, does refer to Mississippi Code Annotated § 61-3-21,[2] which provides in pertinent part:

> In connection with the operation of an airport or air navigation facility owned or controlled by an authority, the authority may enter into contracts, leases and other arrangements for terms not to exceed forty (40) years with any persons: (a) granting the privilege of using or improving the airport or air navigation facility or any portion or facility thereof or space therein for commercial purposes; (b) conferring the privilege of supplying goods, commodities, things, services or facilities at the airport or air navigation facility; and (c) making available services to be furnished by the authority or its agents at the airport or air navigation facility.
>
> In each case the authority may establish the terms and conditions and fix the charges, rentals or fees for the privileges or services, which shall be reasonable and uniform for the same class of privilege or service and which shall be established with due regard to the property and improvements used and the expenses of operation to the authority. In no case shall the public be deprived of its rightful, equal and uniform use of the airport, air navigation facility or portion or facility thereof.

MISS. CODE ANN. § 61-3-21(1).  Clearly, the plain language of the statute does not confer on Plaintiffs any liberty or property interests.  At most, the statute places an ill-defined duty upon the Airport to establish reasonable and uniform terms and conditions for similar services.

Certainly, the statute does not grant Plaintiffs the right to transport passengers to particular destinations, nor does the statute impose a duty on the Airport to regulate private agreements between transportation companies and destinations like Keesler or Beau Rivage.

---

[2]Plaintiffs' Amended Complaint and response to the motion for summary judgment refer to municipal and county ordinances that allegedly require "equal treatment" by Defendants.  Plaintiffs, however, have failed to discuss these ordinances in any depth, in particular, how they relate to Plaintiffs' section 1983 claim.  Additionally, Plaintiffs have not specifically identified where, among the multitude of exhibits submitted by Plaintiffs, the Court might find the referenced ordinances.  Therefore, the Court will not consider the ordinances in its examination of Plaintiffs' claims.

This Court cannot comprehend, nor have Plaintiffs explained, how the above statute confers an entitlement on Plaintiffs to transport passengers from the Airport to Keesler or Beau Rivage or any other location.

Beyond the statute discussed above, Plaintiffs have offered allegations and some evidence that Hotard represented to the Airport that Hotard possessed exclusive rights to transport passengers from the Airport to Keesler and from the Airport to Beau Rivage; and that the Airport agreed with Hotard and restricted Plaintiffs' ability to transport passengers from the Airport to these locations. Plaintiffs, however, have failed to make any showing that they possessed an entitlement, i.e. property interest, to transport passengers from the Airport to Keesler or Beau Rivage, and contrary to Plaintiffs' claim that they were deprived of their property interest in their Airport permits, Plaintiffs' permits to conduct business at the Airport were not revoked or suspended. Equally, Plaintiffs have failed to make any showing that they were deprived of a liberty interest. Plaintiffs were not denied their occupation, nor were Plaintiffs completely prevented from transporting passengers to other locations.

Plaintiffs have failed to make any showing that they were deprived of a property or liberty interest, either through deprivation of an entitlement or termination of Plaintiffs' business permit; or deprivation of Plaintiffs' occupation or ability to transport passengers to other locations. *See Baldwin v. Daniels*, 250 F.3d 943, 946-47 (5th Cir. 2001) (finding that bondsman's ability to have her bail bonds accepted at the county jail is not a property or liberty right guaranteed by the Fourteenth Amendment). Defendants were correct when they noted that "there is no evidence in the record that the Plaintiffs were deprived of any Constitutional or federal rights." (Ct. R., Doc.

59, p. 11.) Consequently, the Court finds that Defendants' motion for summary judgment regarding Plaintiffs' section 1983 claims should be granted.[3]

Having dispensed with Plaintiffs section 1983 claims and said claims being the only pillar which supports federal jurisdiction, the Court now examines whether it should exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. Under 28 U.S.C. § 1367(c) the Court *may* decline to exercise supplemental jurisdiction over state law claims if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claims for which the court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstance, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c)(1)-(4). After dismissing all the federal claims, district courts are given "wide" latitude in deciding whether to dismiss pendent state law claims. *Robertson v. Neuromedical Center,* 161 F.3d 292, 296 (5th Cir.1998). The general rule is that a district court should decline jurisdiction over state law claims when all federal law claims have been dismissed, but this rule is neither mandatory nor absolute. *Smith v. Amedisys, Inc.,* 298 F.3d 434, 446-47 (5th Cir.2002).

In reviewing the applicable factors, the Court notes that Mississippi Code Annotated § 61-3-21 has not been reviewed by a Mississippi state appellate court, and whether or to what extent said statute provides any rights to a plaintiff under the present facts is best suited to a determination in state court. Notably, discovery has not closed in this case, thus the litigation has not been fully developed. Additionally, jurisdiction in this Court was originally predicated on a

---

[3]Although the Airport and Frallic did not join Hotard's motion for summary judgment regarding Plaintiffs' section 1983 claims, the Court's holding that Plaintiffs failed to make a showing of a constitutional deprivation applies equally to the claims against the Airport and Frallic.

federal question arising under antitrust laws. Such a basis appeared tenuous, and it was no surprise when Plaintiffs filed their Amended Complaint that the federal antitrust allegations were removed, only to be replaced by rather vague section 1983 claims as support for federal question jurisdiction. As noted herein, Plaintiffs failed to make the necessary threshold showing of a constitutional deprivation, which serves to highlight the emphasis that is placed on the state law claims. Indeed, the state law claims predominate over the alleged section 1983 claims. Finally, the Court has dismissed the only claims over which is had original jurisdiction. Following the general rule, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims and will remand this case to the Circuit Court of Harrison County, Mississippi.

## Conclusion

For the reasons stated herein, this Court finds that Defendants' motion for summary judgment [58-1] should be granted, and the case should be remanded to state court. A separate judgment in conformity with and incorporating by reference the above Memorandum Opinion shall issue this date. Each party shall bear their respective costs associated with this motion.

THIS the 15th day of March, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE