IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| WATSON V. PERRIN, III, AND | |
| CASINO AIRPORT SHUTTLE, INC. | PLAINTIFFS |
| | |
| VERSUS | CIVIL ACTION NO: 1:04cv829WJG-JMR |
| | |
| GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; THE MUNICIPALITY OF GULFPORT, MISSISSIPPI; THE MUNICIPALITY OF BILOXI, MISSISSIPPI; HOTARD COACHES, INC. D/B/A COASTLINER AIRPORT SHUTTLE; BRUCE FRALLIC, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; DON GREEN, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; W. B. WERBY, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; FRANK GENZER, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; TRAVIS LOTT, INDIVIDUALLY AND AS AN AGENT FOR GULFPORT-BILOXI REGIONAL AIRPORT AUTHORITY; REPUBLIC PARKING SYSTEM, INC.; AND ERROL HOTARD | DEFENDANTS |
| | |
| ERROL HOTARD | COUNTER CLAIMANT |
| | |
| VERSUS | |
| | |
| WATSON V. PERRIN, III, AND | |
| CASINO AIRPORT SHUTTLE, INC. | COUNTER DEFENDANTS |

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the motion for reconsideration [101-1] filed by the Plaintiff, Casino Airport Shuttle, Inc. [Airport Shuttle], pursuant to Federal Rules of Civil Procedure 59(e). Plaintiff also seeks leave to amend the Complaint under Rule 15(a). After due consideration of the pleadings, evidence of record, applicable law, and being otherwise advised in the premises, the Court finds that Plaintiff's motion should be denied.

In a Memorandum Opinion and separate Final Judgment entered March 16, 2006, this Court granted Defendants' motion for summary judgment and remanded the remaining pendent state law claims to the circuit court. (Ct. R., Docs. 98, 99.) Aggrieved by the holding, Airport Shuttle filed the subject motion for reconsideration on

March 30, 2006.  Because this Court dismissed Plaintiff's federal claims and remanded the remaining pendent state law claims pursuant to 28 U.S.C. § 1367(c), the Court's Final Judgment is reviewable under the present motion. *Thomas v. LTV Corp.*, 39 F.3d 611, 615-17 (5th Cir. 1994).  Presently, Plaintiff's motion for reconsideration is ripe for decision.

In support of its motion, Airport Shuttle presents three arguments:  (1) the Court failed to adjudicate its rights under the Declaratory Judgment Act, 28 U.S.C. § 2201; (2) Plaintiff made a sufficient showing that it had a property and liberty interest arising from its permit to conduct shuttle services at the Airport; and (3) Plaintiff has a cognizable Equal Protection claim.  (Ct. R., Doc. 102, pp. 1-2, 7-8.)  Pursuant to the standards set forth below, the Court finds no need to reconsider its Final Judgment.

Motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure. A judgment or order may be altered or amended under Rule 59(e) if:  (1) a need to correct a manifest error in law or fact exists; (2) the movant uncovered new evidence that was reasonably unknown prior to entry of the judgment or order in question; or (3) an intervening change in controlling law occurred.  *Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted).  The United States Court of Appeals for the Fifth Circuit set forth the following additional factors to consider when entertaining such a motion:  (1) the reasons set forth by the movant justifying consideration of evidence or arguments that the movant failed to present in the underlying motion; (2) the importance of the reconsideration of the underlying motion to the movant's case; (3) whether the reasons set forth by the movant justifying reconsideration were available to the movant before they responded to the underlying motion; and (4) the likelihood that the non-movants will suffer unfair prejudice if the motion is reconsidered.  *Sturges v. Moore,* 73 Fed. App'x 777, 778 (5th Cir. 2003) (citing *Ford v. Elsbury,* 32 F.3d 931, 937-38 (5th Cir. 1994)). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to carefully consider the grounds for such a motion.  *Atkins v. Marathon Le Torneau Co.,* 130 F.R.D. 625, 626 n. 1 (S.D. Miss. 1990).  "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

In the subject motion for reconsideration, Airport Shuttle cites no new law and presents no new evidence or arguments that were not previously considered by the Court.  Having considered all of the factors set forth in *Schiller* and *Sturges,* this Court finds that the motion for reconsideration should be denied.

Although Plaintiff is not entitled to the relief requested by its motion, the Court responds to Plaintiff's concern that the Court did not rule on its alleged section 2201 claim by noting that Plaintiff's Amended Complaint did not specify what rights it sought declared. Particularly, Plaintiff's sole citation to section 2201 occurred in support of venue and subject matter jurisdiction allegations. (Ct. R., Doc. 27, Exh. A, ¶ 13.) Having addressed the merits of Plaintiff's section 1983 claims and found them lacking, Plaintiff's section 2201 concerns appeared moot, and no independent grounds for federal jurisdiction existed to support a Declaratory Judgment Act claim. *See Vulcan Materials Co. v. City of Tehuacana*, 238 F.3d 382, 389-90 (5th Cir. 2001). Consequently, Airport Shuttle's purported claim under section 2201 was subject to the Court's dismissal in its Final Judgment.

Additionally, the Court reiterates its holding that Airport Shuttle failed to identify and provide evidence of a deprivation of a property or liberty interest necessary to sustain its due process claims. Plaintiff's reliance upon its business permit, its status thereunder, and Mississippi Code Annotated § 61-3-21 does not suffice. These documents do not confer, either separately or in conjunction, an identifiable property or liberty interest protected by the Constitution. "An alleged violation of state law unaccompanied by some more precise claim of federal right than a general claim of lack of due process is not the sort of deprivation recognizable under Title 42 United States Code § 1983." *Hously v. North Panola Consol. Sch. Dist.*, 656 F. Supp. 1087, 1092 (N.D. Miss. 1987). Equally, the Court reiterates that Airport Shuttle failed to identify or maintain a cognizable equal protection claim. *See Wheeler v. Miller*, 168 F.3d 241, 251-52 (5th Cir. 1999). Consequently, the Court finds that Plaintiff's motion for reconsideration should be denied.

Plaintiff also seeks leave to file a Second Amended Complaint pursuant to Rule 15(a). For support Airport Shuttle cites *Rosenzweig v. Azurix Corp.*, wherein the Fifth Circuit states:

> Where judgment has been entered on the pleadings, a holding that the trial court should have permitted amendment necessarily implies that judgment on the pleadings was inappropriate and that therefore the motion to vacate should have been granted. Thus the disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a).

332 F.3d 854, 864 (5th Cir. 2003) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 n.1 (5th Cir. 1981). The Court is not persuaded that Rule 15(a) is applicable in the present context.

The Court did not enter judgment on the pleadings but rather, dismissed the case under Rule 56, entering a Final Judgment. Allowing an amendment after a determination on the merits would unduly delay the proceedings

and run counter to judicial economy. "The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Dussouy*, 660 F.2d at 598. With the federal claims having been decided on the merits and the state claims already remanded, amendment would serve no purpose. Finally, any amendment would be futile because Plaintiff simply cannot identify and support the deprivation of a Constitutionally protected property or liberty interest or cognizable equal protection claim. Consequently, the Court finds that Plaintiff's attempt to amend the complaint through its motion for reconsideration should be denied. It is therefore,

ORDERED AND ADJUDGED that Plaintiff's motion for reconsideration [101-1] be, and is hereby, denied. It is further,

ORDERED AND ADJUDGED that each party shall bear their respective costs in association with this motion.

SO ORDERED AND ADJUDGED this the 6th day of August, 2006.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE